IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| DONALD ALPHANSO ALLEN,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>ERIC HOLDER, et al.,<br><br>　　　　　Defendants. | HONORABLE JEROME B. SIMANDLE<br><br>Civil Action<br>No. 13-5736 (JBS-JS)<br><br>**OPINION** |

APPEARANCES:

Donald Alphanso Allen, Plaintiff Pro Se
SBI#225415C
South Woods State Prison
#784713
215 Burlington Road South
3h-6-2 Left - 2006 Down
Bridgeton, NJ 08302

**SIMANDLE, Chief District Judge:**

**I.　INTRODUCTION**

　　Plaintiff Donald Alphanso Allen seeks to bring a civil rights complaint pursuant to *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), against the Bureau of Immigration & Customs Enforcement ("ICE"), former Attorney General Eric Holder, and various immigration officials for an alleged unlawful deportation in 2006. Complaint, Docket Entry 1; Amended Complaint, Docket Entry 2. Plaintiff also cites the Administrative Procedure Act ("APA") and Federal Tort Claims Act ("FTCA") and seeks injunctive relief.

At this time, the Court must review the complaint, pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from such relief. For the reasons set forth below, the Court will dismiss the complaint.

## II.   BACKGROUND

Plaintiff, a Jamaican citizen, entered the United States in 1994 to attend the University of Bridgeport in Connecticut. Complaint at 3-4. He was arrested in New York for attempted possession of a controlled dangerous substance in January 1998. *Id.* at 4. He pled guilty to the charge on November 28, 1999, and was sentenced to five years of probation. *Id.* He later violated his probation and was sentenced to one year imprisonment. *Id.*

Immigration authorities detained him upon his release in 2006. A final administrative removal order was issued on March 6, 2006, Amended Complaint at 7, and Plaintiff was deported on June 1, 2006 pursuant to 8 U.S.C. § 1227(a)(2)(A)(iii). *Id.;* Complaint at 4. Plaintiff alleges he was improperly placed in the "expedited removal" category and did not receive his notice to appear. Complaint at 4. He further argues he should not have been deported as he was pursuing an appeal of his violation of probation charge at the time. *Id.* at 5. He contends his removal

was also unlawful as his conviction was not an aggravated felony and had a pending criminal matter in the State of New Jersey with sentencing scheduled for June 25, 2006. *Id.* at 7. He further asserts immigration officers put incorrect information in his file, such as his date of entry into the United States. Amended Complaint at 2-3. At some point in time, Plaintiff returned to the United States and entered the custody of the New Jersey Department of Corrections.[1]

Plaintiff argues the immigration officials violated his Fifth and Fourteenth Amendment rights by unlawfully deporting him, and asserts violations of the APA and FTCA. He asks the Court to remove the detainer lodged against him and to cancel the removal order. He also seeks $5,000,000 in damages. Complaint at 11.

**III. STANDARD OF REVIEW**

Per the Prison Litigation Reform Act, Pub. L. No. 104-134, §§ 801-810, 110 Stat. 1321-66 to 1321-77 (April 26, 1996) ("PLRA"), district courts must review complaints in those civil actions in which a prisoner is proceeding *in forma pauperis*, *see* 28 U.S.C. § 1915(e)(2)(B), seeks redress against a governmental employee or entity, *see* 28 U.S.C. § 1915A(b), or brings a claim with respect to prison conditions, *see* 42 U.S.C. § 1997e. The

---

[1] The circumstances of Plaintiff's return to the United States and New Jersey conviction are unclear.

3

PLRA directs district courts to *sua sponte* dismiss any claim that is frivolous, is malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. This action is subject to *sua sponte* screening for dismissal under 28 U.S.C. § 1915(e)(2)(B) and 1915A because Plaintiff is a prisoner proceeding *in forma pauperis* and is seeking relief from government officials.

According to the Supreme Court's decision in *Ashcroft v. Iqbal*, "a pleading that offers 'labels or conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). To survive sua sponte screening for failure to state a claim, the complaint must allege "sufficient factual matter" to show that the claim is facially plausible. *Fowler v. UPMS Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (citation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Fair Wind Sailing, Inc. v. Dempster*, 764 F.3d 303, 308 n.3 (3d Cir. 2014) (quoting *Iqbal*, 556 U.S. at 678).

In determining the sufficiency of a pro se complaint, the Court must be mindful to construe it liberally in favor of the

plaintiff. *See Erickson v. Pardus*, 551 U.S. 89, 93-94 (2007) (following *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)); *see also United States v. Day*, 969 F.2d 39, 42 (3d Cir. 1992). However, "pro se litigants still must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013) (citation omitted).

**B. Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics**

In *Bivens*, the Supreme Court created a federal counterpart to the remedy created in 42 U.S.C. § 1983. *See Egervary v. Young*, 366 F.3d 238, 246 (3d Cir. 2004) ("*Bivens* actions are simply the federal counterpart to § 1983 claims brought against state officials"), *cert. denied*, 543 U.S. 1049 (2005). In order to state a claim under *Bivens*, a plaintiff must allege: (1) a deprivation of a right secured by the Constitution and laws of the United States; and (2) that the deprivation of the right was caused by a person acting under color of federal law. *See Couden v. Duffy*, 446 F.3d 483, 491 (3d Cir. 2006); *see also Collins v. F.B.I.*, Civ. No. 10-3470, 2011 WL 1627025, at *6 (D.N.J. Apr. 28, 2011) ("The Third Circuit has recognized that *Bivens* actions are simply the federal counterpart to § 1983 claims brought against state officials and thus the analysis established under one type of claim is applicable under the other.").

**IV. DISCUSSION**

Plaintiff asks this Court to find that the decision to deport him violated his Due Process and Equal Protection rights, to cancel the order of removal, and to remove the immigration detainer. Judicial review of certain claims by aliens challenging removal decisions and actions by the Attorney General is limited by statute, however.

**A. Order of Removal**

To the extent Plaintiff asks the Court to "cancel" the final administrative removal order, the Court lacks jurisdiction to do so in a *Bivens* action. Section 1252(g), as amended by the REAL ID Act. Pub. L. No. 10943, 119 Stat. 231 (2005), explicitly bars judicial review by district courts of three classes of actions and decisions committed to the Government's discretion: "the 'decision or action to [(a)] commence proceedings, [(b)] adjudicate cases, or [(c)] execute removal orders.'" *Chehazeh v. Att'y Gen.*, 666 F.3d 118, 134 (3d Cir. 2012) (quoting *Reno v. American-Arab Anti-Discrimination Comm.*, 525 U.S. 471, 482 (1999)). Section 106(a) "substituted petitions for review, filed with the courts of appeals within the first 30 days after issuance of an order of removal, as the sole vehicle whereby aliens could challenge their removal." *Kolkevich v. Attorney Gen. of U.S.*, 501 F.3d 323, 326 (3d Cir. 2007); *see also*

*Gonzalez-Lora v. Warden Fort Dix FCI*, 629 F. App'x 400, 401 (3d Cir. 2015).

"[F]raming the issue as a due process challenge to removal proceedings does not remove the claim from the realm of the REAL ID Act . . . ." *Reeves v. Holder*, No. 15-1689, 2015 WL 1268306, at *2 (D.N.J. Mar. 17, 2015); *see also Verde-Rodriguez v. Attorney Gen. U.S.*, 734 F.3d 198, 206 (3d Cir. 2013) ("[P]rocedural due process claims arising from a removal hearing are properly contained in a petition for review."). Plaintiff "alleges errors 'on which the validity of the final order [are] contingent,' and the relief he seeks would clearly be inconsistent with the order of removal." *Verde-Rodriguez*, 734 F.3d at 206 (alteration in original) (quoting *I.N.S. v. Chadha*, 462 U.S. 919, 938 (1983)); *see also Gonzalez-Lora*, 629 F. App'x at 401 ("Because Gonzalez-Lora's claims 'directly challenge the lawfulness of the removal order and are intertwined with the IJ's decision,' the District Court did not err in concluding that it lacked jurisdiction to review these claims . . . ."). Thus to the extent Plaintiff challenges his upcoming removal or seeks a stay or other delay of that removal, this Court is without subject matter jurisdiction to hear those claims. *See Debeato v. Attorney Gen. of U.S.*, 505 F.3d 231, 234–35 (3d Cir. 2007) (holding jurisdiction to review reinstatement of a removal order lies in courts of appeals).

This Court also may not remove the detainer against Plaintiff. An immigration detainer "is a request for notice of a prisoner's release," *Galarza v. Szalczyk*, 745 F.3d 634, 641 (3d Cir. 2014), and may be issued "[i]n the case of an alien who is arrested by a Federal, State, or local law enforcement official for a violation of any law relating to controlled substances . . . ." 8 U.S.C. § 1357(d). The Court cannot order the removal of a valid request for notice. To the extent Plaintiff's challenge to the detainer is in fact another challenge to the validity of the final order of removal, this Court lacks subject matter jurisdiction for the previously stated reasons.

**B. *Bivens* Claims**

To the extent Plaintiff seeks relief under *Bivens*, and it is not clear that he may do so,[2] his claims are barred by the statute of limitations.[3] "[A] *Bivens* claim in which the plaintiff

---

[2] See *Alvarez v. U.S. Immigration & Customs Enf't*, 818 F.3d 1194, 1208 (11th Cir. 2016) (holding "a plaintiff cannot recover damages under *Bivens* for constitutional violations that caused him to endure a prolonged immigration detention"); *De La Paz v. Coy*, 786 F.3d 367, 378 (5th Cir. 2015) ("Here, the implicit but emphatic message from Congress requires this court to abstain from subjecting immigration officers to *Bivens* liability for civil immigration detention and removal proceedings."); *Mirmehdi v. United States*, 689 F.3d 975 (9th Cir. 2012) (holding *Bivens* did not provide remedy for aliens not lawfully in United States to sue federal agents for monetary damages for wrongful detention pending deportation).

[3] "Although the running of the statute of limitations is ordinarily an affirmative defense, where that defense is obvious from the face of the complaint and no development of the record is necessary, a court may dismiss a time-barred complaint sua

is alleging personal injury has a two-year statute of limitations. A *Bivens* claim accrues when the plaintiff knows, or has reason to know, of the injury that forms the basis of the action." *Wooden v. Eisner*, 143 F. App'x 493, 494 (3d Cir. 2005) (internal citations omitted). The complaint alleges the alleged Due Process and Equal Protection claims on or before June 1, 2006. Complaint at 4. Assuming a *Bivens* remedy exists for Plaintiff's claims, he would have had to file his complaint by June 1, 2008, over five years before he submitted the complaint in September 2013.

Plaintiff acknowledges the statute of limitations concern in his complaint and asks the Court not to dismiss on that ground as "the defendant's has [sic] reinstated the very same order of deportation that is complaint of [sic] herein as being defective and violates his Constitutional Rights afforded to him." Complaint at 12. This acknowledgement appears to invoke the continuing violation doctrine as a basis for tolling the statute of limitations.

"A continuing violation is occasioned by continual unlawful acts, not continual ill effects from an original violation." *Cowell v. Palmer Twp.*, 263 F.3d 286, 293 (3d Cir.2001) (internal

---

sponte under § 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim." *Ostuni v. Wa Wa's Mart*, 532 F. App'x 110, 111–12 (3d Cir. 2013) (per curiam).

quotation marks and citation omitted). "The plaintiff must identify a wrongful act committed within the limitations period by each defendant." *Stevens v. Zickefoose*, No. 12-3011, 2015 WL 5227446, at *7 (D.N.J. Sept. 8, 2015). Accepting the facts alleged in the complaint as true, the actions by defendants are discrete, isolated incidents, *e.g.*, failing to provide a notice to appear and inputting the wrong date of entry in Plaintiff's file. The complaint does not allege any wrongful actions occurring within the two-year limitations period.[4] *See Shomo v. City of New York*, 579 F.3d 176, 183-84 (3d Cir. 2009). Plaintiff's *Bivens* claims shall therefore be dismissed without prejudice as barred by the statute of limitations. Plaintiff may move to amend his complaint if he is able to give the factual grounds for extending the two-year deadline for filing his original complaint in this Court.

**C. Federal Tort Claims Act**

The Court also cannot assert jurisdiction over any potential FTCA claims at this time as there is no claim that Plaintiff has complied with the administrative claim filing

---

[4] To the extent the complaint alleges the reinstatement of the final administrative removal order was wrongful, it is not clear when the reinstatement occurred. Moreover, "an order reinstating a prior removal order is the functional equivalent of a final order of removal." *Dinnall v. Gonzales*, 421 F.3d 247, 251 n.6 (3d Cir. 2005) (internal quotation marks omitted). The Court would therefore lack jurisdiction to review that order.

requirements which are a jurisdictional prerequisite to suit under the Act.

The FTCA "operates as a limited waiver of the United States's sovereign immunity[,]" *White-Squire v. U.S. Postal Serv.*, 592 F.3d 453, 456 (3d Cir. 2010), and a FTCA plaintiff may sue only the United States, *CNA v. United States*, 535 F.3d 132, 138 n.2 (3d Cir. 2008) ("The Government is the only proper defendant in a case brought under the FTCA."). Plaintiff has not named the United States as a defendant.

Even construing the complaint as being brought against the United States, Plaintiff must have submitted a FTCA notice to the offending agency prior to filing this complaint. This notice must have contained a "sum certain" demand for monetary damages. *See* 28 U.S.C. § 2675(b). "Because the requirements of presentation and a demand for a sum certain are among the terms defining the United States's consent to be sued, they are jurisdictional." *White-Squire*, 592 F.3d at 457 (citing *United States v. Sherwood*, 312 U.S. 584, 587 (1941)). These requirements cannot be waived. *Id.* (citing *Bialowas v. United States*, 443 F.2d 1047, 1049 (3d Cir. 1971)). No FTCA case may be initiated in court unless the claimant first presented a written claim to the appropriate agency within two years after such claim accrued, and then suit must be commenced within six months of the denial of the claim. *See* 28 U.S.C. §§ 2401(b) & 2675(a).

Here, there is no indication Plaintiff served the United States with a FTCA notice before he brought this action. In the absence of this documentation, the Court cannot determine whether it has jurisdiction over any potential FTCA claims; therefore, any FTCA claims cannot proceed at this time. The Court will dismiss Plaintiff's FTCA claims without prejudice, but will grant leave to amend in the event Plaintiff is able to provide facts indicating he presented his tort claims to the United States within the statutory time period.

**D. Administrative Procedure Act**

Finally, Plaintiff challenges ICE's removal polices under the APA. Complaint at 7. "Under the APA, any 'person suffering legal wrong because of agency action, or adversely affected or aggrieved by agency action within the meaning of a relevant statute, is entitled to judicial review.'" *Smriko v. Ashcroft*, 387 F.3d 279, 290 (3d Cir. 2004) (quoting 5 U.S.C. § 702) "The only exceptions to this general rule are situations in which '(1) statutes preclude judicial review; or (2) agency action is committed to agency discretion by law.'" *Id.* at 290-91 (quoting 5 U.S.C. § 701(a)). "The form of review must conform with any relevant 'special statutory review' provision in the statutes governing the agency." *Chehazeh v. Attorney Gen. of U.S.*, 666 F.3d 118, 127 (3d Cir. 2012).

12

It is not clear to the Court what "policies" Plaintiff is challenging, nor which statutory violation he is claiming. Moreover, Plaintiff has failed to state a claim under the APA to the extent he challenges the agency's actions. As previously noted, only the Courts of Appeals may review final orders of removal. "[T]he Court of Appeals may 'review . . . *all questions of law and fact*, including interpretation and application of constitutional and statutory provisions, *arising from any action taken* or proceeding brought to remove an alien from the United States . . . .'" *Id.* (emphasis and omissions in original) (quoting 8 U.S.C. § 1252(b)(9)). The complaint "alleges errors on which the validity of the final order [are] contingent . . . ." *Verde-Rodriguez v. Attorney Gen. U.S.*, 734 F.3d 198, 206 (3d Cir. 2013). The Court is unaware of any statute that would serve as the basis for his claims seeking judicial review of agency action in this district court. The APA claim must therefore be dismissed.

**E. Transfer**

Whenever a civil action is filed in a court that lacks jurisdiction, "the court shall, if it is in the interests of justice, transfer such action . . . to any other such court in which the action . . . could have been brought at the time it was filed." 28 U.S.C. § 1631. Under the REAL ID Act, petitions for review of a final order of removal must be filed with the

13

appropriate court of appeals within thirty days of issuance of the order of removal. 8 U.S.C. § 1252(b)(1). The final administrative removal order included with the complaint is dated March 6, 2006. Amended Complaint at 7. It is not clear when the order was reinstated; therefore, this Court cannot determine whether the Third Circuit would have jurisdiction over the aspects of the complaint that are more appropriately raised in a petition for review. The Court therefore declines to transfer the complaint.

**F. Leave to Amend**

As Plaintiff may be able to allege facts that would address the deficiencies of his claims as noted by the Court, Plaintiff may move for leave to file a second amended complaint. Any motion to amend the complaint must be accompanied by a proposed second amended complaint, and it must address and cure the deficiencies noted in this Opinion.

Plaintiff should note that when a second amended complaint is filed, the original complaint no longer performs any function in the case and cannot be utilized to cure defects in the amended complaint, unless the relevant portion is specifically incorporated in the new complaint. 6 Wright, Miller & Kane, *Federal Practice and Procedure* 1476 (2d ed. 1990) (footnotes omitted). The second amended complaint may adopt some or all of

14

the allegations in the original complaint, but the identification of the particular allegations to be adopted must be clear and explicit. *Id.* To avoid confusion, the safer course is to file a second amended complaint that is complete in itself. *Id.*

### V. CONCLUSION

For the reasons stated above, the complaint is dismissed. An appropriate order follows.

| | |
|---|---|
| **August 16, 2016** | **s/ Jerome B. Simandle** |
| Date | JEROME B. SIMANDLE<br>Chief U.S. District Judge |